## Frank Salter v. Francis Beidler.

1. PRESUMPTIONS—*Where the Bill of Exceptions Does Not Contain All the Evidence.*—It must be presumed when the bill of exceptions does not purport to contain all the evidence that there was other evidence before the trial court to justify the finding.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed April 16, 1901.

EDWARD MAHER, attorney for appellant.

FRED H. ATWOOD and FRANK B. PEASE, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant sued to recover for goods sold to a firm known as Cox & Meckes. This firm was subsequently dissolved, Cox retiring, and about a month later appellant, Salter, entered into a written copartnership agreement with said Meckes, to carry on the same general business. This written agreement is set forth in full in Salter v. Hines Lumber Co., 77 Ill. App. 97, and the facts disclosed by the evidence, so far as the same appear in the bill of exceptions, bring the present case within the scope of that decision.

The only controversy as to facts appears to be that appellant disputes the evidence tending to show that he agreed with Meckes to pay the indebtedness of the firm of Cox & Meckes, and that he stated also to other parties that he had agreed to pay such indebtedness. We can not consider whether the evidence sufficiently sustained the verdict, because the bill of exceptions does not purport to present it all. There is evidence tending to show that appellant agreed to pay the debts of the old firm; and it must be presumed when the bill of exceptions does not purport to present the whole evidence that there was sufficient to justify the verdict.

We find no error in the instruction complained of which

was given at request of appellee, nor in the refusal of the third instruction requested by appellant. The latter is argumentative, and clearly objectionable in that respect. The fifth refused instruction would have been misleading, if given, nor would it have been consistent with the agreement of October 12, 1894, as construed in the case of Salter v. Hines Lumber Co., above referred to.

In view of the apparent omission of some of the evidence from the bill of exceptions, we can not say that appellant was prejudiced by alleged errors in admitting certain evidence. We find no reason, however, to question the correctness of the ruling admitting secondary proof of the contents of a paper alleged to have been lost, in view of the evidence which is before us.

The judgment of the Superior Court must be affirmed.